UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE No.: _____

----------------------------------------------------------------

TYRONE ALSTON

                Plaintiff,

COMPLAINT

-against-

PLAINTIFF(S) DEMAND TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

CV 12-3974

WEINSTEIN, J.

POLLAK, M.J

ORIGINAL

                Defendant(s)

----------------------------------------------------------------

Plaintiff, TYRONE ALSTON, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, §1985, and §1988, [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff TYRONE ALSTON resides in New York and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. On August 13, 2011 at approximately 5 pm plaintiff was inside his home at 2649 96th St. #A1 East Elmhurst, NY 11369 with his fiancée and mother.

10. At the above time and place, three undercover plain clothes NYPD police began to bang on his apartment door.

11. The repeated numerous times that this was a "police emergency" and that they received a 911 call from inside the house.

12. At no time as a 911 call made from inside the house or anywhere else.

13. The officers covered the peep hole of the apartment door so that plaintiff could not see who was in the hallway.

14. The officers continued to bang on the door and claim it was a police emergency.

15. Eventually, plaintiff decided to cooperate and opened the door to the officers in the hallway.

16. Upon him opening the door, the three officers burst into the house and began to go room to room.

17. They went to plaintiff's son's room and began to flip over the mattresses.

18. Once plaintiff and his family realized they had been tricked by the officers they asked the officers to leave if they did not have a warrant.

19. Once plaintiff did this he was elbowed in his chest so hard that he fell onto his dining room table.

20. Plaintiff tried to stand up and was elbowed again in his shoulder to keep him down.

21. The officer who did this was a white male, approximately 6 feet tall, clean cut and 180 lbs.

22. At this point, plaintiff's fiancé, Karen Calhoon, began to videotape the officers in her home.

23. Once the officers saw she was filming them they decided to leave the apartment.

24. As they filed out the door plaintiff followed them to lock the door behind them.

25. Once the officers were out of the apartment, one of the officers kicked the door back open with such force it nearly knocked plaintiff over. This officer was Hispanic and was captured in Ms. Calhoon's video.

26. Plaintiff was then dragged into the hallway by this officer.

27. Plaintiff was thrown to the floor and was kicked and hit by the three officers.

28. Ms. Calhoon's asked the officers numerous times what their names were, none of them gave their identification. Her camera was also blinded by the Hispanic officer's flash light.

29. Plaintiff was handcuffed and brought to the 115th Precinct.

30. It should be noted, plaintiff was not allowed to cloth himself and was forced to go shirtless to the precinct.

31. At the precinct, plaintiff was taken into a room and asked to "work with the cops" by the Hispanic officer.

32. Plaintiff refused.

33. Upon plaintiff's refusal a bald white officer in his 40s came into the room with plaintiff.

34. This officer began to yell and scream at the plaintiff. The bald officer then took off his jacket and challenged plaintiff to "hit him" so he could "kick his ass."

35. This same officer then told plaintiff "we know you wife took videos, she better not bring any charges against us."

36. Plaintiff was finally released on his own recognizance on August 15th at approximately 9 am.

37. Plaintiff eventually received an ACD.

38. Plaintiff did not plea to any crimes or violations for any of the above incidents.

39. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

40. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

41. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

42. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

43. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of

going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

44. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

45. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

46. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

47. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

48. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

49. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

50. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
## 42 U.S.C Section 1983-against all Defendants.

51. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

52. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

53. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

54. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his

constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

55. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

57. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

7/31/2012
Brooklyn, New York

Respectfully Submitted

By: Paul Hale, Esq
26 Court St. Ste ~~1901~~ 913
Brooklyn, NY 11242
(718) 554-7344